### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DR. ROBERT WINTER** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 05-CV-0324 JHP-SAJ** |
| | § | |
| **STATE FARM FIRE AND CASUALTY** | § | |
| **COMPANY; HAAG ENGINEERING** | § | |
| **COMPANY** | § | **JURY DEMANDED** |

### JOINT STATUS REPORT

JURY DEMANDED:  __X__ Yes  _____ No

I.   Summary of Claims:

Breach of insurance contract for benefits due for hail damage sustained on plaintiff's roof and breach of the implied covenant of good faith and fair dealing against defendant State Farm. Negligence and gross negligence in conducting the investigation of the subject loss which resulted in foreseeable damages against defendant Haag Engineering.

  A. Claims to be Dismissed: None

II.   Summary of Defenses:

Defendant Haag Engineering Company ("Haag"):

1. Defendant Haag denies that its conclusions were "in concert" with State Farm.
2. Defendant Haag denies that it was negligent.
3. Defendant Haag conducted its investigation of plaintiff's roof in good faith and reasonably concluded that it had suffered only cosmetic damage.
4. Defendant Haag's conclusions were not erroneous.
5. If defendant Haag's conclusions were erroneous, they were arrived at in good faith and Haag is not liable for an error of judgment.
6. Defendant Haag denies that it was grossly negligent.
7. Defendant Haag denies that it deliberately intended to deprive plaintiff of his contractual benefits.

Defendant State Farm Fire and Casualty Company ("State Farm"):

1. Defendant State Farm denies that it breached its contract with Plaintiff.
2. Plaintiff is not entitled to recover for the loss made the basis of suit under the

           provisions of the policy.
3. Defendant State Farm promptly and adequately conducted an objective, good faith, and thorough investigation of the Plaintiff's claim.
4. Defendant State Farm reasonably relied on the opinions of qualified experts in its decision concerning the Plaintiff's claim.
5. Plaintiff's causes of action are barred and the Plaintiff is not entitled to any relief on his causes of action as there exists a legitimate dispute and bona fide controversy between Plaintiff and State Farm with regard to the cause of the loss.

      A. Defenses to be Abandoned:  None.

III. Motions Pending:  None.

IV. Stipulations:

      A. Jurisdiction Admitted     __X__ Yes   _____ No   (If no, explain.)

      B. Venue Appropriate       __X__ Yes   _____ No   (If no, explain)

      C. <u>Facts</u>:  The parties are not aware of any stipulations relating to fact issues in this case.

      D. <u>Law</u>:  The parties are not aware of any stipulations relating to legal issues in this case.

V. Proposed Deadlines:

      A. Parties to be added by:                          June 15, 2006

      B. Proposed discovery cutoff date:           October 30, 2006

      C. Fact witness lists to be exchanged by:   July 14, 2006

      D. Proposed Date for Expert Reports:

           Plaintiff         August 1, 2006

           Defendants   September 1, 2006

VI. Fed. R. Civ. P. 26(f) Discovery Plan

      A. Should any changes be made to the timing, form or requirements for disclosures under Rule 26(a)?   <u>No.</u>

  B. When were or will initial disclosures under Rule 26(a)(1) be made?  <u>January 23, 2006</u>

   Note that pursuant to Rule 26(a)(1), initial disclosures must be made within 14 days after you confer for the purpose of preparing this discovery plan.  All parties are under an affirmative duty to (i) comply with the mandatory disclosure requirements, and (ii) notify the Court of any nondisclosure so that the issue can be promptly referred to a Magistrate Judge for resolution.  Failure of any party to disclose information, or failure of any party to bring disclosure issues to the Court's attention in a timely manner, may result in sanctions, including prohibiting the use of that information at trial, pursuant to Rule 37(c)(1).

  C. Should discovery be conducted in phases and/or should discovery be limited at this time to particular subject matters or issues?     <u>No.</u>

  D. Should any changes be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Court's local rules?     <u>No.</u>

  E. Proposed number of fact and expert depositions
    To be allowed for Plaintiff?     <u>10</u>
    To be allowed for Defendants?     <u>10</u>

   The parties agree that depositions on written questions will not count against these depositions.

  F. Is there a need for any other special discovery management orders by the Court?  <u>No.</u>

g. Are Dispositive Motions Anticipated?  If so, describe them.

Defendant State Farm anticipates filing a Motion for Summary Judgment on bad faith and/or breach of contract.

VIII. Do All Parties Consent to Trial before the Assigned Magistrate Judge?

  <u>   </u> Yes (Please attach completed Trial Consent form)
    Trial By Magistrate Judge Requested in  <u>        </u>
               (month/year)
  <u> X </u> No

IX. Is there any matter that should be referred to the assigned Magistrate Judge for final disposition upon partial consent of all parties pursuant to Local Rule 73.1?

    \_\_\_\_\_ Yes (Please attach completed Partial Consent form)

    __X__ No

X.     Settlement Plan     (Check one)

    A.    __X__    Settlement Conference Requested after <u>September 30, 2006</u>.
            Describe settlement judge expertise required, if any:
    B.    \_\_\_\_\_    Private Mediation Scheduled in _____.
    C.    \_\_\_\_\_    Other ADR (Explain)
    D.    \_\_\_\_\_    ADR is not appropriate in this case (Explain)

Has a copy of the Court's ADR booklet been provided to clients as required?

    Plaintiff:                       __X__ Yes     \_\_\_\_\_ No
    Defendant Haag:          __X__ Yes     \_\_\_\_\_ No
    Defendant State Farm:     __X__ Yes     \_\_\_\_\_ No

XI.    Does this case warrant special case management?  If yes, explain why.    <u>No.</u>

XII.    Do the parties request that the Court hold a scheduling conference?  If a conference is not requested, or ordered by the Court, the Court will, after receiving this report, issue a scheduling order based on the information contained in this report.    <u>No.</u>


Read and Approved by:


s/Joseph F. Clark_____            Dated:\_\_January 23, 2006_____
*(Signed by Filing attorney with permission*
*of Plaintiff's attorney)*
Joseph F. Clark, Jr., OBA #1706
Richard E. Warzynski, OBA #14079
Clark & Warzynski, P.A.
1622 South Denver
Tulsa, OK  74119
918/585-5600
918/585-5601 Fax
**ATTORNEYS FOR PLAINTIFF**

s/Harry M. Crowe, Jr.                                    Dated:   January 23, 2006
*(Signed by Filing attorney with permission of Co-Defendant's attorney)*
Harry M. Crowe, Jr., OBA #2049
406 S. Boulder Ave., Suite 422
Tulsa, OK  74103-3800
918/582-2264
918/582-6106 Fax
**ATTORNEY FOR DEFENDANT HAAG ENGINEERING COMPANY**


s/David V. Jones                                         Dated:   January 23, 2006
David V. Jones, OBA #19611
Bruce A. Robertson, OBA #13113
JONES, ANDREWS & ORTIZ, P.C.
21 E. Main St., Suite 101
Oklahoma City, Oklahoma  73104
Telephone:     (405) 601-8713
Facsimile:     (405) 232-8330
**ATTORNEYS FOR DEFENDANT
STATE FARM FIRE AND CASUALTY COMPANY**